DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (motion), filed April 27, 2009. Defendant asserts Plaintiff did not properly follow the appeal process and has not satisfied the requirements of ORS 305.288.
The court addressed the motion with the parties at the June 3, 2009, case management hearing. Plaintiff appeared on her own behalf. Defendant was represented by Leslie Cech. After some discussion, the court verbally granted Defendant's dismissal request, as explained below.
 I. STATEMENT OF FACTS
Plaintiff is appealing the value of her condominium unit, which she purchased in March 2005 for $272,000. The property is identified in the assessor's records as Account R564048. The tax years under appeal are 2006-07, 2007-08, and 2008-09. The appeal was filed March 20, 2009.
Plaintiff did not appeal to the county board of property tax appeals (board) in 2006 because she was unaware of the appeal process until after the December 31, 2006, board petition deadline. Plaintiff stated that she was unfamiliar with Oregon's appeal procedures because she moved here from another state, and that she was busy with children's birthdays and Christmas in *Page 2 
2006. Plaintiff did appeal to the board in 2007 (2007-08 tax year), and signed a stipulated agreement resulting in a reduction in real market value (RMV) from $367,310 to $326,900. Plaintiff explained during the June 3, 2009, Tax Court proceeding that she mistakenly signed the stipulated agreement, thinking she was agreeing to a hearing date where she could challenge the proposed reduction. Plaintiff again appealed to the board for the 2008-09 tax year, but her petition was several days late (January 2, 2009).[1] Plaintiff asserts that the petition was late because she used an old form that had a January 3 petition deadline.
Plaintiff did not specify a requested value in her Complaint, but when pressed by the court, Plaintiff opined that the subject property had a market value (RMV) of approximately $315,000 as of January 1, 2006; $300,000 as of January 1, 2007; and $290,000 as of January 1, 2008. The RMV on the assessment and tax rolls for those years is $316,280, $326,900, and $329,250, respectively.
 II. ANALYSIS
A. Tax Year 2007-08
Plaintiff cannot appeal the RMV for the 2007-08 tax year because she previously entered into a stipulated agreement in an appeal to the board, and there is no statutory authority for appealing from that agreement. See Lee's v. Dept. of Rev., TC 4830, WL 924976 *1 (Apr 6, 2009) (ruling that statutes do not permit taxpayers to appeal "their own actions in agreeing to values.").
B. Tax Years 2006-07 and 2008-09
The statutory process for appealing property value is to timely file a petition with the county board and, if dissatisfied, to timely appeal the board's decision to the magistrate *Page 3 
division of the Oregon Tax Court. ORS 309.026[2] (providing for property value appeals to the board); ORS 309.100(2) (providing for an annual December 31 board petition deadline); ORS 309.110(7) (providing for an appeal from a board order to the magistrate division of the Oregon Tax Court); ORS 305.275(3) (providing that an appeal to the magistrate division under ORS 305.275 "is from an order of the board as a result of the appeal filed under ORS 309.100 * * * "); ORS 305.280 (4) (providing for a 30-day period in which to appeal the board order to the Tax Court).
In limited circumstances, the Tax Court can consider an appeal and lower the value notwithstanding a taxpayer's failure to follow the statutorily prescribed process. Under ORS 305.288, the court can reduce the value of the property if there is either (1) an allegation of an error in value of at least 20 percent, or (2) good and sufficient cause for the taxpayer's failure to follow the prescribed appeal process.
Plaintiff has not alleged 20 percent errors in value for either tax year 2006-07 or 2008-09. ORS 305.288(1). Plaintiff also lacks good and sufficient cause for her failure to properly pursue her statutory right of appeal in 2006 or 2008. ORS 305.288(3). The statute defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer." ORS 305.288(5)(b)(A). Plaintiff did not petition the Board in 2006 because she was busy with other matters and was unfamiliar with the appeal process. The statute specifically excludes lack of knowledge from the definition of good and sufficient cause. ORS305.288(5)(b)(B). Plaintiff asserts that she was late with her 2008 board petition because she used the wrong form. That statement appears contrary to the facts, because the copy of the petition Plaintiff submitted to the *Page 4 
court clearly indicates the December 31, 2008, deadline. (Ptf's Compl at 5.) Moreover, such a mistake would not amount to an extraordinary circumstance beyond Plaintiff's control.
 III. CONCLUSION
Based on the forgoing, the court finds Defendant's request for dismissal should be granted because Plaintiff does not meet the statutory requirements of ORS 305.288 for two of the years under appeal (2006-07 and 2008-09), and Plaintiff stipulated to a value reduction for the 2007-08 tax year, and that determination may not be appealed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 30, 2009.The Court filed and entered this document on June 30, 2009.
[1] According to the board's late filing notice sent to Plaintiff (and included in Plaintiff's appeal to this court), her petition was found "pushed under door January 2, 2009," which was a Friday.
[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition. *Page 1